IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**AARON ANTHONY FLEMONS**                                                                                    **PLAINTIFF**
**ADC #119749**

v.                                         No: 4:22-cv-00606-LPR

**VALERIE WESTBROOK**                                                                                        **DEFENDANT**

### ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Patricia S. Harris (Doc. 103) and the Plaintiff's Objections (Doc. 106).  After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects, except as stated below.

Two of Plaintiff's objections warrant brief discussion, though neither affects the outcome of this case.  First, the RD indicates that Plaintiff's original medical restriction for "jobs needing visual acc." was based solely on Plaintiff's report of being blind in one eye since birth.[1]  Plaintiff counters by pointing to the medical records, wherein the notation "[b]lind right eye since birth" is documented as an abnormal finding upon physical examination of Plaintiff's eyes.[2]  Even if Plaintiff's objection has merit, however, it does not materially affect the deliberate-indifference analysis.  It remains the case that "there is no evidence in this record that his vision problems actually render it unsafe for him to work on the hoe squad."[3]

---

[1] *See* RD (Doc. 103) at 5, 14.

[2] Ex. 8 (June 4, 2009 Physical Examination) to Def.'s Mot. for Summ. J. (Doc. 88-8).

[3] *See* RD (Doc. 103) at 14.

Second, Plaintiff asserts that, contrary to the RD's factual findings, Defendant Westbrook assigned him to the hoe squad without the approval of the classification committee.[4]  He argues that Westbrook should have sought assistance from the medical representative on the classification committee to ensure that Plaintiff was being "assigned to a safe, medically appropriate job."[5]  But even if Westbrook acted unilaterally in assigning him to the hoe squad, Plaintiff still has not "come forward with . . . evidence showing that he faced a sufficiently serious risk of harm by being assigned to the hoe squad[.]"[6]  And because the record shows there were no medical or classification restrictions in place prohibiting that assignment, Plaintiff has not demonstrated that Westbrook was aware of, and deliberately indifferent to, any such risk.

Accordingly, Defendant's Motion for Summary Judgment (Doc. 88) is GRANTED. Plaintiff's Eighth Amendment claims against Defendant Westbrook are DISMISSED with prejudice.  Plaintiff's motions for injunctive relief (Docs. 86 & 87) and Plaintiff's Motion for Subpoena (Doc. 107) are DENIED.  The Clerk is instructed to close this case.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 14th day of March 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[4] Pl.'s Objections (Doc. 106) at 3.

[5] *Id*. at 5.

[6] *See* RD (Doc. 103) at 13.